UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA

      -v.-                                  ORDER

MARVIN WILLIAMS,                     No. 19-CR-375-1 (CS)

                   Defendant.
--------------------------------------------------------x

Seibel, J.

Before the Court is Defendant Marvin Williams' motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 559.) Defendant was sentenced on October 22, 2025, to six months in prison for violating his supervised release by committing a state crime. (ECF No. 556.) His motion is based on the impact his imprisonment has on his family, his contention that he was wrongly convicted in state court, and his claim of rehabilitation.

A defendant may bring a motion under § 3582(c)(1)(A) only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." But this exhaustion requirement is non-jurisdictional and can be waived or forfeited by the Government. *United States v. Saladino*, 7 F.4th 120, 123 (2d Cir. 2021). I did not order the Government to respond to the motion and it has not done so on its own. I will therefore assume that it has waived the defense of failure to exhaust.

Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the 18 U.S.C. § 3553(a) factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 also permits a sentence reduction for extraordinary and compelling reasons, and

additionally requires that the Defendant not be a danger to the safety of any other person or the community. *See* U.S.S.G. § 1B1.13(a), p.s. The Policy Statement, as amended, *see United States v. Feliz*, No. 16-CR-809, 2023 WL 8275897, at *4 (S.D.N.Y. Nov. 30, 2023),[1] identifies as extraordinary and compelling certain circumstances relating to medical condition, age, family, prison abuse, and unusually long sentences, as well as any other circumstances of similar gravity, *see* U.S.S.G. § 1B1.13(b)(1)-(6). The burden is on the defendant to show that a sentence reduction is warranted. *See United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021).

Defendant cites the hardship on his family from his incarceration. The circumstances he describes do not rise to the level set forth in U.S.S.G. § 1B1.13(b)(3), p.s. While I am sure Defendant regrets not factoring his family into his decision-making, separation from family members is one of "the sad and inevitable consequences of incarceration." *United States v. John*, No. 15-CR-208, 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020). Hardship on the family almost always results from serious criminal conduct, and while "it is truly unfortunate that [Defendant]'s incarceration has placed that burden on his [family] . . . that does not constitute an extraordinary and compelling reason" to reduce his sentence, *id.*; *see United States v. Vailes*, No.

---

[1]I agree with the court in *Feliz*, which found that the November 1, 2023 amendments to Policy Statement 1B1.13 have harmonized the Policy Statement with the First Step Act; that *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), therefore does not apply to the new version of Policy Statement 1B1.13; and that "[a]ccordingly, to grant a motion for compassionate release, a court must now, in addition to finding that the other elements of the compassionate release standard are satisfied, also find that granting such relief is consistent with Policy Statement 1B1.13." 2023 WL 8275897, at *4; *see United States v. Corbett*, No. 10-CR-184, 2023 WL 8073638, at *3 (S.D.N.Y. Nov. 21, 2023) ("The amended guidance from the Commission as to what constitutes extraordinary and compelling reasons now controls the analysis of a compassionate release petition, however initiated."). But the outcome here would be the same even under *Brooker* and the old version of 1B1.13. (The Court will send Defendant copies of any unreported decisions cited in this Order.)

16-CR-297, 2020 WL 3960505, at *3 (E.D.N.Y. July 13, 2020) ("There is no question that a defendant's incarceration is painful and burdensome to family members, who must bear the stress of managing their lives without the defendant's help.  It is an unfortunate fact, however, that these burdens are common to almost all families of incarcerated people, and do not constitute extraordinary or compelling factors.").

Defendant also claims that he is not guilty of the underlying state crime, of which he was convicted after trial.  A challenge to the validity of a conviction cannot qualify as an extraordinary and compelling reason under § 3582(c)(1)(A).  *See United States v. Fernandez*, 104 F.4th 420, 430 (2d Cir. 2024), *cert. granted in part*, 145 S. Ct. 2731 (2025).[2]

Defendant also suggests that he has been rehabilitated, noting that his completion of programming shows that he has a low risk of reoffending.  It is hard to accept that notion, given that he reoffended less than eight months after he was originally sentenced and has only been in custody for less than four months.  In any event, rehabilitation alone is not an extraordinary and compelling circumstance, but may be considered in combination with other circumstances in determining whether and to what extent a sentence reduction is warranted.  *See id.* § 1B1.13(d); *see also* 28 U.S.C.A. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").  "While [Defendant's] efforts at rehabilitating himself are commendable and should continue, they do not alone . . . constitute an extraordinary and compelling reason for compassionate release."  *White v. United States*, No. 13-CR-255, 2022 WL 4244219, at *5 (W.D.N.Y. Sept. 15, 2022), *aff'd*, No. 22-CR-2337, 2023 WL 8446806 (2d Cir.

---

[2]Even if I could consider Defendant's argument regarding his alleged innocence, the documents he has provided and the arguments he makes do not show that he is not guilty, at least as far as this Court can tell.

Dec. 6, 2023); *see United States v. Mayard*, No. 16-CR-609, 2024 WL 3518568, at *4 (S.D.N.Y. July 24, 2024) ("[A]lthough Defendant is to be commended for his attempts at rehabilitation, such efforts do not constitute extraordinary and compelling circumstances."); *United States v. Steele*, No. 19-CR-65, 2021 WL 2138829, at *7 (D. Conn. May 26, 2021) ("admirable" efforts at rehabilitation not extraordinary and compelling alone or in combination with harsh pandemic prison conditions).  Good conduct in prison is not uncommon, and indeed is expected.  *See United States v. Alvarez*, No. 89-CR-229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020).

Because the circumstances to which Defendant points do not, singly or in combination, rise to the level of extraordinary and compelling, I need not reach the 18 U.S.C. § 3553(a) factors.

Defendant also requests that I direct the Bureau of Prisons ("BOP") to release him to home confinement.  That decision is reserved to BOP, *see* 18 U.S.C. § 3621; *Milchin v. Warden*, No. 22-CV-195, 2022 WL 1658836, at *2 (D. Conn. May 25, 2022), and I could not order it even if I were inclined to do so.

For the reasons stated above, the motion is denied.  The Clerk of Court is respectfully directed to send a copy of this Order to Marving Williams, No. 86300-054, FCI Allenwood Low, Federal Correctional Institution, P.O. Box 1000, White Deer, PA 17887.

Dated:  April 13, 2026
    White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.